UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EDWARD WATTERS, DEAN GUNDERSON, STEVEN FARNWORTH, MATTHEW ALEXANDER NEWIRTH, individuals, and OCCUPY BOISE, an Idaho unincorporated nonprofit association,<br><br>      Plaintiffs,<br><br>  v.<br><br>C.L. (BUTCH) OTTER, in his official capacity as the Governor of the State of Idaho, TERESA LUNA, in her official capacity of the Director of the Idaho Department of Administration, and COL. G. JERRY RUSSELL, in his official capacity as the Director of the Idaho State Police,<br><br>      Defendants. | Case No. 1:12-cv-00076-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**MEMORANDUM DECISION AND ORDER - 1**

## INTRODUCTION

The Court has before it the State's motion for protective order (Dkt. 67). The State defendants have refused to produce certain documents requested by Occupy Boise on the basis of the law enforcement privilege and relevance. The Court ordered an accelerated briefing schedule, with which the parties have complied. Having thoroughly reviewed the pleadings and being familiar with the record, the Court will grant in part and deny in part the Motion.

In accordance with this decision, the State shall submit a clean electronic copy of the withheld documents under seal *by September 6*, *2012*, and the Court will designate in yellow highlight those document portions it deems privileged. Once the Court returns those documents to the State, the State shall redact the highlighted portions and produce the documents to Occupy Boise *within three business days* of receiving the highlighted documents from the Court.

## BACKGROUND

More than four months ago, Occupy Boise served discovery requests on the State defendants seeking production of all documents about the Capitol Annex, which the State "obtained, created, acquired, received, or sent anytime after January 1, 2010. *See* Dkt. 67-1 at 18 (Pls.' Request No. 3). Occupy Boise's request encompassed documents describing planned operations developed by the Idaho State Police ("ISP") to enforce Idaho Code §§ 67-1613 and 67-1613A – the Idaho law banning camping on state grounds

at issue in this case.  The State now refuses to produce those documents based on the law enforcement privilege and relevance.

At the time of responding to the document requests, the State defendants did not invoke the law enforcement privilege.  *See* Dkt. 67-1 at 18 (Response to Request No. 3).  According to Occupy Boise, the State did not even allude to the law enforcement privilege until nearly two months later.  *Eppink Decl.* ¶ 4, Dkt. 69.  Occupy Boise claims to have known very little about the withheld documents.  Only now, when the State filed its motion for protective order, have they received from the State an agency head's declaration describing the documents and the rationale for withholding them.  Along with the agency head's declaration, the State has filed under seal the documents it seeks to protect and has identified those portions claimed as privileged or irrelevant.

## ANALYSIS

Federal common law recognizes a qualified privilege for official information. *Kerr v. United States Dist. Ct. for N.D. Cal.,* 511 F.2d 192, 198 (9th Cir.1975), *aff'd,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976).  Law enforcement tactical and planning information would nominally fall within the privilege.  *Sanchez v. City of Santa Ana* , 936 F.2d 1027, 1033 -1034 (9th Cir. 1990).  But the privilege is limited. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.  *Id.* at 1033 -1034.

A state official must also meet strict procedural requirements to invoke the privilege,. *Kerr v. U.S. Dist. Court for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975). As a qualified privilege, it "must be formally asserted and delineated in order to be raised properly." *Id.* Only a top agency official may invoke the privilege – which does not include a government lawyer – and he must do so formally and only after personal consideration of the issues. *Id.* (quoting *United States v. Reynolds*, 345 U.S. 1, 7–8 (1953)). When the government serves its responses to a plaintiff's discovery requests, it must specifically invoke the privilege, produce a privilege log, and make a "substantial threshold showing" through the submission of an agency head affidavit. *Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D. Cal. 1992).

Occupy Boise argues that the Court should refuse to conduct an in camera inspection because the State has failed to strictly follow these threshold requirements. First, the State did not specifically invoke the law enforcement privilege when it responded to Occupy Boise's discovery requests. Second, according to Occupy Boise, Russell's Declaration fails to satisfy the requirements of an agency head affidavit.

The State does not appear to have strictly adhered to the procedural requirements for declaring the law enforcement privilege. The Court recognizes the importance of these procedural infirmities – especially when these procedural defects might imperil Occupy Boise's constitutional rights. But important security interests are also at stake. And the State has substantially complied with the threshold requirements for invoking the privilege. Under these circumstances, the Court believes that the best way to balance

constitutional interests and the security interests at stake is to evaluate the merits of the State's position. To this end, the Court has conducted an in camera review of the documents filed under seal.

After reviewing the documents and weighing the potential benefits of disclosure against the potential disadvantages, the Court finds that those portions of the emails and plan documents that discuss the specific mechanics of the enforcement plan are privileged. By contrast, information not pertaining to the specific enforcement mechanics, such as general statements regarding the plan's purpose and the general intent to clear the "encampment" are relevant and non-privileged. With those general guidelines in mind, the Court will designate in yellow highlight those portions of the documents it deems privileged.

To accomplish this, the Court needs a clean electronic copy of the documents. The Court therefore directs the State to submit a clean electronic copy of the withheld documents under seal *by September 6, 2012*. Once the Court returns those documents to the State, the State shall redact the highlighted portions and produce the documents to Occupy Boise *within three business days* of receiving the highlighted documents from the Court.

## ORDER

**IT IS ORDERED that** Defendants' Motion for Protective Order (Dkt. 67) is GRANTED in part and DENIED in part. As set forth above, the State shall submit a clean electronic copy of the withheld documents under seal *by September 6*, *2012*, and

the Court will designate in yellow highlight those document portions it deems privileged. Once the Court returns those documents to the State, the State shall redact the highlighted portions and produce the documents to Occupy Boise *within three business days* of receiving the highlighted documents from the Court.

DATED: September 4, 2012

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 6**