IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| EDWARD WATTERS, et al., | |
|---|---|
| Plaintiffs, | Case No. 1:12-CV-76-BLW |
| v. | **MEMORANDUM DECISION** |
| C.L. (BUTCH) OTTER, et al., | |
| Defendants. | |

**INTRODUCTION**

The Court has before it a motion for attorney fees filed by plaintiffs, who the Court will collectively refer to as Occupy Boise. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion and award $179,803.50 in fees to Occupy Boise.

**ANALYSIS**

Occupy Boise pitched its tent city on the Capitol Mall as part of a nationwide protest against economic inequality. When the State sought to suppress the protest, Occupy Boise filed this lawsuit to protect its First Amendment rights. Occupy Boise prevailed and is therefore entitled to its attorney fees under 42 U.S.C. § 1988.

Occupy Boise seeks $179,803.50 in attorney fees for the work done by two attorneys and two third-year law student externs acting as paralegals. The State does not object to the hourly rate for the attorneys or the paralegals, but does raise objections to certain categories of fees and the time spent on various tasks.

**Objection:  Reduce Fees for Defending State's Motion to Modify Injunction**

The State seeks to reduce the fees by $20,562.50.  The State calculated this sum by adding up the fees Occupy Boise incurred in defending the State's motion to modify the injunction, a motion that the Court ultimately granted.  The State offers this as a way to measure the lack of success suffered by Occupy Boise in challenging the no-camping statute.

In determining the amount of fees to award under § 1988, the extent of a plaintiff's success is a crucial factor. *Hensley v. Eckerhart,* 461 U.S. 424, 440 (1983).  Although fees are not reduced when a plaintiff prevails on only some of several factually related and closely intertwined claims, a reduced fee award is appropriate when a plaintiff achieves only limited success." *Id.*

Occupy Boise's central goal was to protest with its tent city.  It won that right even though it lost some closely related claims.  Thus, it did not achieve mere "limited success" in the *Hensley* sense that would justify a reduction in the fee award.  Instead, it was fully successful.  Moreover, Occupy Boise carved out the fees it incurred fighting and losing its facial challenge to the camping statute, and is not seeking those fees.

It is true that the State prevailed on its motion to modify the injunction.  *See Memorandum Decision (Dkt. No. 53).*  The Court ordered Occupy Boise to temporarily vacate the property to allow the State to complete maintenance on the grass, after which Occupy Boise could return.  *Id.*  This ruling was cold comfort for the State.  From the very beginning of this case, the State was using its need to maintain the grounds as a stalking horse for its real goal of permanent eviction.  Occupy Boise ensured that

**Memorandum Decision – page 2**

permanent eviction did not occur by opposing the State's motion and keeping the remedy limited to a temporary absence and a quick return.[1] The fees Occupy Boise incurred fighting this motion advanced its ultimate goal of maintaining its protest, and hence should not be culled out and cut from its fee request.

**Objection:  Reduce Fees for Time Spent Challenging Rules**

The State seeks to reduce any fee award by $47,802.50, for the time spent by Occupy Boise in challenging the State's rules:

> The rules are a matter entirely separate from the no-camping statutes. [Occupy Boise] received no relief on the merits of their challenges to the rules. The challenges to the 2012 rules were deemed moot; many of the 2013 rules were upheld; and the 2013 rules that were not upheld by this Court were ultimately dismissed as moot because the State Legislature, in exercising its statutory authority to review administrative rules, rejected them. [Occupy Boise] did not prevail and are not prevailing parties on their challenges to the rules because they did not obtain a preliminary injunction and the end product here, the judgment, gives Plaintiffs no relief on the merits of their claims.

*See State's Brief (Dkt. No. 149)* at p. 8.  The State's account neglects some important facts.  The 2012 rules were deemed moot only because the Legislature – in response to Occupy Boise's challenges – amended the 2012 rules.  *See Memorandum Decision (Dkt. No. 122).*  And the Legislature only rejected the 2013 rules after Occupy Boise prevailed in this Court, resulting in seven of those rules being declared in violation of the First Amendment.  *Id.*  When Occupy Boise complained that the rules could be revived, the

---

[1] The Court ordered the State to "complete the rehabilitation process as quickly as possible, and give counsel suitable advance notice of when the rehabilitation will be completed so that Occupy Boise may re-erect their symbolic tent city." *Id.* at p. 10 n. 2.

**Memorandum Decision – page 3**

Court entered a declaratory judgment that "will prevent such a revival." *See Memorandum Decision (Dkt. No. 140)* at p. 2 n. 1. The Court issued that declaratory judgment because "there is a real threat that the State could use [its] discretion to undermine Occupy Boise's protests even while ostensibly following the general dictates of the Court's decisions." *Id*. at p. 6.

These rulings show that Occupy Boise received relief on the rules issue, and hence the Court denies the State's request to reduce the fees on this issue.

**Other Objections & Conclusion**

The State has raised some other minor objections that the Court finds are without merit. The Court finds that the hourly rates and the hours charged submitted by Occupy Boise are reasonable and necessary. *See Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir.2006). Accordingly, the Court will grant the motion for fees, and do so in a separate Judgment as required by Rule 58(a).

DATED: February 26, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court