Casey Parsons (ISB no. 11323)
Richard Eppink (ISB no. 7503)
David A. DeRoin (ISB no. 10404)
WREST COLLECTIVE
812 W. Franklin St.
Boise, ID 83702
Tel: (208) 742-6789
ritchie@wrest.coop
casey@wrest.coop
david@wrest.coop

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **EDWARD WATTERS, DEAN GUNDERSON, STEVEN FARNWORTH, MATTHEW ALEXANDER NEIWIRTH,** individuals, and **OCCUPY BOISE,** an Idaho unincorporated non-profit,<br><br>*Plaintiffs*,<br><br>v.<br><br>**BRADLEY JAY LITTLE**, in his official capacity as the Governor of the State of Idaho, **STEVEN BAILEY**, in his official capacity as the Director of the Idaho Department of Administration, and **COL. KEDRICK R. WILLS**, in his official capacity as the Director of the Idaho State Police,<br><br>*Defendants*.[1] | Case No. 1:12-cv-0076-REB<br><br>**DECLARATION OF CASEY PARSONS IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER, PRELMINARY INJUNCTION, FOR FURTHER RELIEF, ORDER TO SHOW CAUSE, AND CONTEMPT** |

---

[1] Defendants in this action automatically substituted pursuant to F.R.C.P. 25(d).

DECLARATION OF MATTHEW ALEXANDER NEIWIRTH – Page 1

I, Casey Parsons, declare as follows:

1. I am counsel for Plaintiff Matthew Alexander Neiwirth in this matter.

2. I have repeatedly attempted to secure an alternative location besides grass on the grounds of the Capitol Annex where the vigil at issue in this action may continue while the grounds are maintained. Counsel for Defendants have been unwilling to identify an alternative location where the vigil may continue during this hours. See Exhibits A through C.

3. On Friday, May 10, 2024, one of the demonstrators, Hannah Tucker, was arrested at the site of the protest for allegedly resisting and obstructing in violation of I.C. 18-705. I attempted to visit Ms. Tucker in the Ada County Jail as her attorney in order to advise her at approximately 12:01 AM on Saturday, May 11, 2024 and repeatedly invoked her right to counsel in doing so. I was told by jail staff and law enforcement that I was unable to speak with Ms. Tucker because she was refusing to comply with the booking process. The jail staff and law enforcement were unable to explain to me what that meant or which part of the "booking process" with which she was allegedly refusing to comply.

4. After contacting counsel for the Ada County Jail, I was advised that Ms. Tucker would have been provided with a phone call to her attorney if she had asked to speak with me. See Exhibit D. It is my understanding that Ms. Tucker did in fact request to speak with me on at least one occasion. In any event, I was present at the jail and demanded to speak with her, but was denied that opportunity on the basis that she was refusing to cooperate.

5. I will testify in person and under oath about these facts before this Court if I am called as a witness.

Pursuant to 28 USC § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED: May 14, 2024.

_____
Casey Parsons
Attorneys for Plaintiff Matthew Alexander Neiwirth