**Subject:** RE: Demonstration on Capitol Annex
**From:** James Craig <James.Craig@ag.idaho.gov>
**Date:** 5/7/2024, 8:31 PM
**To:** "Casey Parsons (Mx.)" <casey@wrest.coop>, Ritchie Eppink <ritchie@wrest.coop>, "david@wrest.coop" <david@wrest.coop>
**CC:** Brian Church <brian.church@ag.idaho.gov>

Casey,

Thanks for confirming that your clients have moved items from the Capitol Annex grounds to allow for the lawn maintenance. However, they have moved items to the Idaho State Capitol steps and pedestrian walkway off of Jefferson Street. They are interfering with access to the steps and pedestrian walkway, and violating IDAPA rules against chalking, placement of materials, etc. Your clients need to clear the items from the steps and pedestrian walkway immediately. They are subject to being cited by the Idaho State Police at any time, and the Idaho State Police may seize the unmoved items.

Thank you for ensuring your clients' compliance with Idaho law.

Jim



**James E. M. Craig | Division Chief**
Civil Litigation and Constitutional Defense
Office of the Attorney General | State of Idaho
O: 208-854-8088 | W: ag.idaho.gov

---

**From:** Casey Parsons (Mx.) <casey@wrest.coop>
**Sent:** Tuesday, May 7, 2024 7:09 PM
**To:** James Craig <James.Craig@ag.idaho.gov>; Ritchie Eppink <ritchie@wrest.coop>; david@wrest.coop
**Cc:** Brian Church <brian.church@ag.idaho.gov>
**Subject:** RE: Demonstration on Capitol Annex

Understood, they've moved off the grounds of the Annex to permit regular maintenance.

On May 7, 2024 3:57:01 PM MDT, James Craig <James.Craig@ag.idaho.gov> wrote:

> Casey,
>
> I am in a meeting right now, but wanted to respond to your question about lawn maintenance as soon as possible. As stated in the previous email, they need to be off the grounds no later than 6:30 pm daily. This means they need to be off the ground by this evening at 6:30. Lawn mowing will occur first thing Wednesday morning. Further, the sprinklers are on a sensor and can water any night between 7:00 p.m. and 6:00 a.m., meaning they have to be off the grass every night to allow for the watering. As mentioned below, they can return on Wednesdays after the lawn mowing is complete, and other mornings after 7:00 a.m.
>
> Thanks,
>
> Jim



**James E. M. Craig | Division Chief**
Civil Litigation and Constitutional Defense
Office of the Attorney General | State of Idaho
O: 208-854-8088 | W: ag.idaho.gov

---

**From:** Casey Parsons <casey@wrest.coop>
**Sent:** Tuesday, May 7, 2024 3:49 PM
**To:** James Craig <James.Craig@ag.idaho.gov>; Ritchie Eppink <ritchie@wrest.coop>; david@wrest.coop
**Cc:** Brian Church <brian.church@ag.idaho.gov>
**Subject:** Re: Demonstration on Capitol Annex

Just following up on the rest of this. With respect to other issues that you raised:

1. **Chalking**: I understand that the IDAPA regs prohibit marking Capitol property, including using chalk. However, IDAPA 38.04.06.010.02 defines the Capitol Annex grounds as "[t]he Interior and Exterior of the real property located at 514 West Jefferson Street, Boise, Idaho and occupying block 65 as shown on the Boise City original townsite plat filed in the Ada County Recorder's office in Book 1 on page 1." When I look up that parcel on the Ada County Assessor's website, block 65 seemingly only includes the area up until the grass and does not include the abutting sidewalk. See attached for a screengrab of that page. The consequence is seemingly that the sidewalk there is City property as opposed to being part of the Capitol Mall grounds. If the State's position is that the sidewalk is part of the Annex and subject to the IDAPA regs, then please provide any authority in support of that position.

2. **Tents**: As I said in my previous email, I am no longer intending to pursue a motion for contempt given that the tent that was seized yesterday was, I believe, returned. Going forward, however, if tents are seized and you are unwilling to provide information about why they were seized, then I won't have any choice but to pursue a motion for contempt if they appear to have been seized absent any indicia of camping, which appears to be the case here. I don't want us to be put in a situation where we have to litigate every piece of property that ISP seizes, but, if you intend to pursue depositions or other discovery relevant to those enforcement actions, then I would appreciate some cooperation in providing the information and evidence necessary to determine whether moving forward on such a motion is appropriate. To the degree that this becomes relevant again, then please be prepared to discuss a discovery plan with me, or, in the alternative, with dates that you would be available for a 26(f) conference.

3. **Other Alleged Violations of IDAPA**: I'm happy to work with you to ensure that demonstrators are complying with their obligations in their use of the space. If you could please identify what specific regulations under the Capitol Mall rules that you believe are being violated, then I will discuss with the demonstrators.

4. **Lawn Maintenance**: I have discussed this with the demonstrators and they have worked out a plan to be off the grass for the periods of time that you have identified. If you could please identify the schedule for maintenance that would be helpful. I have already reviewed the information on cms.idaho.gov/grounds, but if there are other documents that would help inform when that maintenance occurs it would be helpful to review with the demonstrators.

Thank you for your time and attention to this. It appears that we have a mutual goal of facilitating the demonstrators First Amendment rights while also ensuring that the relevant IDAPA regulations are complied with, and I am hopeful that maintaining an open channel of communication will help accomplish that. I look forward to your reply.

Thrive,

**Casey Parsons (Mx.)**
Pronouns: They/She
WREST COLLECTIVE

Attorney
208-589-1702
www.wrest.coop

On 5/7/2024 11:08 AM, Casey Parsons (Mx.) wrote:

> Hi Jim, sorry for not getting back to you yesterday -- I went home early with some kind of stomach bug but am feeling more human now. I'll get you a longer response to the other items shortly. As far as the depo and the contempt motion, it sounds like ISP dropped off the tents this morning so I'm no longer planning on pursuing it for the moment. We won't be able to make 2pm work today, but if you still want a depo from Matthew then let me know and I'll send you some available dates and times.
>
> On May 6, 2024 4:20:34 PM MDT, James Craig <James.Craig@ag.idaho.gov> wrote:
>
>> Casey,
>>
>> Yes, ISP seized a tent this morning which it determined was being used for camping. The owner of the tent is welcome to pick up the tent by contacting ISP Dispatch at (208) 846-7550 and let Dispatch know they need to be put into contact with the Capitol Protective Services Unit to collect property. The owner of the property will need to provide identification at the time of pickup. ISP had ample justification for seizing the tent, which I need not repeat in this email. The owners of any property seized by ISP may pick up their property from ISP by following the same instructions.
>>
>> Should you choose to follow through on your intention to move for contempt, we will present evidence showing how the people out there are not complying with Idaho law, nor are they complying with the requirements of Watters. To that end, we need to conduct a deposition of Mr. Newirth prior to that hearing, and will request that the hearing be delayed to allow us time to conduct that deposition. Please find attached a notice of deposition for tomorrow afternoon. Please confirm with me as soon as possible that this time and location will work so that I can get the reporter scheduled for the deposition. Should I not receive confirmation by 6:00 p.m. this evening, I will not schedule the reporter and we will reschedule the deposition. I trust that as Mr. Newirth's attorney in this matter, you will ensure that he is present for that deposition.
>>
>> Further, should the people camped out on the Capitol Annex lawn fail to comply with Idaho law, ISP will conduct enforcement actions and, should it become necessary, we will file for temporary restraining order and/or an injunction asking for a court order requiring everyone out there to comply with Idaho laws, rules and regulations. ISP has been incredibly patient and seeks to work with the protestors to allow them to exercise their First Amendment rights, while ensuring that state law is followed and the Capitol Annex property protected.
>>
>> As mentioned above, the current encampment is not following Idaho state law. ISP will be moving through to inform the protestors that the indicia of camping, stakes, sidewalk chalking, and items affixed to or held up by state property (including tees) must be removed by 9 a.m. tomorrow morning. Any of the prohibited items remaining after 9 a.m. tomorrow morning will be confiscated. It is also anticipated that ISP will start to issue citations for violations of law. See attached for a list of laws which are directly applicable to the current encampment.

Finally, the Capitol Annex has lawn maintenance regularly scheduled as follows: mowing first thing Wednesday morning and moisture-based sensor watering which generally occurs between 7:00 p.m. and 6:00 a.m. daily.  As held in Docket 53, the protestors will need to remove the symbolic tents and other property daily by 6:30 p.m. to allow state employees to ensure that the lawn is safe for that maintenance activity, including lawn mowing.  To the extent protestors desire to continue in lawful demonstrations following the regularly scheduled maintenance, that may be done after 7:00 a.m. daily, except for Wednesdays when they can return after the mowing is completed.

We expect the property to be as clean as it was prior to the beginning of the encampment.  Should it not be completely cleaned up (including cleaning up the illegal sidewalk chalking), the cost of clean up will be charged to all identified protestors.

Thank you,

Jim



James E. M. Craig | Division Chief
Civil Litigation and Constitutional Defense
Office of the Attorney General | State of Idaho
O: 208-854-8088 | W: ag.idaho.gov

**From:** Casey Parsons (Mx.) <casey@wrest.coop>
**Sent:** Monday, May 6, 2024 8:25 AM
**To:** James Craig <James.Craig@ag.idaho.gov>
**Subject:** Re: Demonstration on Capitol Annex

Jim,

I understand that ISP removed a tent earlier this morning. I've reviewed video of the incident, and the officer claims to have found people sleeping inside of it on the basis that they had "red puffy eyes."

As discussed in the hearing on Saturday, the protestors on site are staying up all night in shifts in compliance with the injunction. The fact that they have puffy eyes or look tired is simply not indicia of camping, which Judge Winmill explicitly acknolwedged, and especially considering it doesn't appear that ISP found any other belongings in the tent.

Please immediately provide a valid written explanation for why this tent was removed and evidence for that justification, or, alternatively, direct ISP to return every tent that they have confiscated since Saturday to the protest site by 2pm today. If ISP is unable to do either of those, then I intend to file another motion for an order to show cause and move for contempt.

Thank you,

Casey

On May 5, 2024 10:09:29 AM MDT, James Craig <James.Craig@ag.idaho.gov> wrote:

> Casey,
>
> Can you please remind your clients that they have to keep a door to the tent open at all times. There are some tents with doors closed and signs claiming it is an art display. If that is not remedied, ISP will have to go through and remove those tents with doors closed.
>
> Thank you,
>
> Jim
>
> Get Outlook for iOS
>
> ---
>
> **From:** Casey Parsons (Mx.) <casey@wrest.coop>
> **Sent:** Saturday, May 4, 2024 3:26:47 PM
> **To:** James Craig <James.Craig@ag.idaho.gov>
> **Subject:** Re: Demonstration on Capitol Annex
>
>> You don't often get email from casey@wrest.coop. Learn why this is important
>
> I would also note that the court in *Watters* enjoined the enforcement of that statute both as it applied to symbolic and *assembly* tents -- so I think it's clear that the demonstrators have a right to assemble within them under the injunction.
>
> On 5/4/2024 3:25 PM, Casey Parsons (Mx.) wrote:
>
>> Jim, just writing to follow up on our call. I.C. 67-1613 has the following to say about camping:
>>
>> For the purposes of this section, the term "camp" or "camping" means to use as a temporary or permanent place of dwelling, lodging or living accommodation, and which indicia of camping may include, but are not limited to, storing personal belongings, using tents or other temporary structures for storing personal belongings or for sleeping, carrying on cooking activities, laying out bedding or making any fire.
>>
>> As we discussed, the inventory list provided by ISP did not include any bedding, and it doesn't sound like the demonstrators were engaged in cooking activities, or making any fire. The demonstrators have represented to me that they don't intend on sleeping in the tents tonight and have maintained a rotating staff to keep a presence at the demonstration, as demonstrated by the fact that many of the people who stayed last night are at home sleeping right now. And for the purposes of the use of the tents tonight, the text of the statute doesn't suggest to me that sitting in them to stay out of the elements falls within the indicia of camping. I also have several declarants willing to state that they were not sleeping at the site, that they did not witness anybody else doing so, that they left in the morning to go home to sleep, and that they discussed as a group the importance of not sleeping at the protest site.
>>
>> So, for the purposes of tonight, if ISP is able to guarantee that it will not confiscate any property or arrest any demonstrators so long as individuals are not sleeping, then I think we can discuss what the demonstrators want and reach an amicable resolution to this. I'll delay filing until 4 so we have a chance to talk

again.

Thrive,

**Casey Parsons (Mx.)**
Pronouns: They/She
WREST COLLECTIVE
Attorney
208-589-1702
[www.wrest.coop](www.wrest.coop)

On 5/4/2024 2:42 PM, Casey Parsons (Mx.) wrote:

> Thanks, James. I'm going to go ahead and notify the court of my intent to request a hearing this afternoon but I'll hold off on filing until approximately 3:30 to wait to hear back.
>
> On 5/4/2024 2:39 PM, James Craig wrote:
>
>> Let me do some checking on things and I'll try to get back to you.
>>
>> Jim
>>
>> Get [Outlook for iOS](...)
>>
>> **From:** Casey Parsons (Mx.) <casey@wrest.coop>
>> **Sent:** Saturday, May 4, 2024 1:38 PM
>> **To:** James Craig <James.Craig@ag.idaho.gov>
>> **Subject:** Demonstration on Capitol Annex
>>
>>> You don't often get email from casey@wrest.coop. Learn why this is important
>>
>> Jim,
>>
>> I'm writing to you regarding a demonstration occurring this weekend on the grounds of the Capitol Annex. The protestors are using symbolic tents as part of the demonstration. ISP and BPD came last night and threatened to trespass the protestors on the basis of their assertion that the Annex grounds are a city park but ultimately left, and then ISP returned this morning to confiscate the protestors' property including those tents. As far as I know, nobody at the site slept there and they're just keeping it staffed around the clock.
>>
>> ISP has threatened to come back to sweep the site again at 6pm this afternoon. I am currently planning to file a TRO on the basis that their

enforcement action would violate the permanent injunction in Watters v. Otter and asking for a hearing before 6pm. Before I do that, I'm hoping that we can discuss an amicable resolution. Can you please let me know your availability to talk today? My cell phone is 208-589-1702.

Thrive,

Casey Parsons
Pronouns: They/She
Wrest Collective

**NOTICE:** This message, including any attachments, is intended only for the individual(s) or entity(ies) named above and may contain information that is confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, please reply to the sender that you have received this transmission in error, and then please delete this email.